### CHANGE OF BENEFICIARY.

Common Pleas Court of Licking County.

MODERN WOODMEN OF AMERICA V. LOUIS DAERR AND
HARRY DAERR.

Decided, January Term, 1911.

*Mutual Benefit Societies—Validity of Attempted Change of Beneficiary Under a Policy Issued by Modern Woodmen—New Certificate Effective Although Not Issued Until After Death of the Insured.*

Where a member of the Modern Woodmen of America forwarded to the official camp, three days before his death, a petition designating his son as beneficiary under a policy held by him and accompanied the petition with the required fee, but the new certificate was not issued until after his death, a case is presented which warrants the association in paying the amount of the policy to the son named in the new certificate.

*Benjamin D. Smith* (Mankato, Minn.), general attorney for Modern Woodmen of America, and *B. F. McDonald,* for plaintiff. *Fitzgibbon & Montgomery* and *Jones & Jones,* contra.

SEWARD, J. (orally).

This case is sumitted to the court upon a demurrer to the answer of J. Howard Jones, as guardian of Harry Daerr. It is a suit in interpleader brought by the plaintiff, alleging that it has money in its hands, and that it is willing to pay the money to

any person whom the court may direct.   The petition makes the allegation that a certificate was issued under its by-laws, in 1901, to Henry Daerr; that the certificate was made payable to Ella Daerr, the wife of Henry Daerr.   That she died March 13, 1909. That Henry Daerr died on October 16th, 1910, leaving one child. That child is the ward of J. Howard Jones, who files the answer to which a demurrer has been interposed.

The certificate provides as to beneficiary and change thereof substantially as follows:   In case of the death of a beneficiary, the survivor shall take; if no survivor, the widow; if no widow, the children.   So that the question raised in this case is as to whether this child takes under the certificate, the widow having died and not having survived her husband, and there being no other beneficiary but the one mentioned in the certificate.

The certificate provides also for a change of beneficiaries, and how the change shall be effected.   The petition discloses that Henry Daerr made an effort to change the beneficiary three days before his death; and, in so far as he was able, conformed to the requirements of the certificate in that regard.   The requirements are that he shall file the certificate and application for a change with some official of the camp here; that he shall pay a certain fee, and that that official shall forward it to the head official some place in Illinois, I believe.   The petition discloses that it was forwarded.   It does not disclose when it was received by the head camp, but it does disclose that a certificate in conformity with a petition forwarded on the 13th was issued to the new beneficiary designated by Henry Daerr on the 17th.   I have a memorandum here saying that it shows that it was received by the head clerk the day before the death.   I think that probably is not strictly correct.   At any rate, the new certificate was issued on the 17th.

The question is whether these allegations—the demurrer searching the record, and bringing before the court the petition in the case as well as the answer of Jones—are sufficient to warrant the payment of the money to the new beneficiary designated by Henry Daerr.

I think the case in the 41 Fed. Rep., at page 1, controls in this matter.   I am willing to concede that there are some authorities

which seem to be the other way, but they are under another state of facts.     There is the case of *Supreme Conclave, Royal Adelphia* v. *Cappella et al*, Circuit Court, Eastern Division, Michigan.     I read from the syllabus:

"In cases of policies of insurance or benefit certificates issued by mutual benefit societies, the beneficiary has no vested interest in the certificate until the death of the insured member.     Up to this time the insured may change his designation of beneficiary at will, and against the consent of such beneficiary.

"The general rule that the insured is bound to make such change of beneficiary in the manner pointed out by the policy and by-laws of the association is subject to three exceptions: (1) If the society has waived a strict compliance with its own rules, and, in pursuance of a request of the insured to change his beneficiary, has issued a new certificate, the original beneficiary will not be heard to complain that the course indicated by the regulations was not pursued.     (2) If it be beyond the power of the insured to comply literally with the regulations, a court of equity will treat the change as having been legally made."

This man was doing everything he could to change this certificate, three days before his death, and he did everything that was incumbent upon him to do.

"(3)     If the insured has pursued the course pointed out by the laws of the association, and has done all in his power to change the beneficiary, but before the new certificate is actually issued, he dies, a court of equity will treat such certificate as having been issued."

This certificate was not issued until after the death of the beneficiary, but he directed that it should be issued in conformity with the regulations of the beneficial association three days before his death, and it was forwarded to the head clerk three days before his death.     The petition does not disclose, as I said a moment ago, when it was received.

I am cited to the 16th Fed., 203, but that is on a different state of facts.     The by-laws of that association required something more than is required by the by-laws of this association.     A case in the 86 Pac. Rep., at page 423, comes nearer being on all fours with this case.     It comes very close to this case, except that the court finds there that the assured did not comply with the by-laws

—that he did not file his application for a change properly with the clerk of the local camp.   So that there is that distinction between the case at bar and the case in the 86 Pac. Rep., at page 425.

This demurrer may be sustained, and exceptions.